UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL and JOANNA GEST,  No. 09-13625

                    Debtor(s).
_____/

Memorandum on Motion for Surcharge of Exemptions
_____

      Chapter 7 trustee Jeffry Locke alleges that after the filing "the Debtors prepared and filed amended tax returns from which they received approximately $26,192.51 in tax refunds." This does not appear to be factually correct, as it is belied by Locke's own accountant, Jay Crom. It appears that it was Mr. Crom who prepared the amended returns, not the debtors. However, the refund checks were sent to the debtors. The debtors are separated and there was some confusion over what their obligations were in relation to refund checks. Ultimately, the debtors used some of their "wild card" exemption rights to exempt a portion of the refunds and turned the rest over to Locke. Locke now seeks to surcharge the debtors for his somewhat vague expenses relating to recovering the non-exempt portion.

      The court is not convinced that the conduct of the debtors rises to the level of a fraud on the court. Confusion and wishful thinking are not the same as fraud. The fact that Locke appears to have got his facts wrong does not help his case.

      The court notes that neither side has mentioned § 522(k)(1) of the Bankruptcy Code, which

1

provides that exempt property can be liable for the aliquot share administrative expenses incurred in recovery of the property. It is therefor possible that the fees of the accountant incurred in recovering the tax refunds may be subject to allocation between the estate and the debtors, without need to resort to accusations of fraud. The court makes no ruling on this issue at this time.

For the foregoing reasons, Locke's motion to surcharge the exemptions will be denied, without prejudice to reconsideration if the facts as the court understands them are not correct and without prejudice to a motion under § 522(k)(1). Counsel for Locke shall submit an appropriate form of order which counsel for the debtors has approved as to form.

Dated: May 25, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2